





$350

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TASHA TONEY,                                :
                Plaintiff        :
                           :

        vs.                             :        Civil Action No. 10-CV-_____

                           :

SCHOOL DISTRICT OF LANCASTER,   :        Jury Trial Demanded
RITA BISHOP, former Superintendent of   :
School District of Lancaster,               :
DWIGHT NOLT, Principal of J.P.          :         10    5605
McCaskey High School,                    :
SHELBY CUNNINGHAM,                 :
Assistant Principal of J. P. McCaskey      :
High School, IRVIN SCOTT, former       :
principal of McCaskey East High School,  :
and NORMAN MCMILLAN, former       :
Gospel Choir Director at J.P. McCaskey    :
High School                               :
               Defendants         :

## COMPLAINT

Plaintiff, Tasha Toney, by and through her undersigned counsel, Russell, Krafft & Gruber, LLP, hereby files the following Complaint against the Defendants in the above-captioned case.

## I.   JURISDICTION

1.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, which provides the District Court of the United States jurisdiction over all civil actions arising under the constitution, laws and treatises of the United States.

2.     This Court further has subject matter jurisdiction pursuant to 28 U.S.C. §1343 which provides the District Courts of the United States original jurisdiction over civil actions commenced by any person to redress the deprivation under color of any state law, statute, ordinance, regulation,

custom or usage of any right, privilege or immunity secured by the Constitution of the United States, or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and pursuant to this section, the District Courts also have original jurisdiction over any civil action instituted to recover damages or obtain equitable relief or any other relief under any Act of Congress providing for the protection of civil rights.

3.      This Court further has jurisdiction over this action pursuant to 28 U.S.C. §1367(a) which provides this Court with supplemental jurisdiction over the claims to which the law of the Commonwealth of Pennsylvania apply, as these claims arise out of the same nucleus of facts and form the same case or controversy as the claims set forth under 42 U.S.C. §1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a), as more fully set forth herein.

II.      **VENUE**

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because at all times relevant hereto, the Defendants resided in this judicial district and the events giving rise to the claims herein occurred within this judicial district.

III.      **PARTIES**

5.      Plaintiff is Tasha Toney (hereinafter "Plaintiff") who is currently an adult individual having been born on October 29, 1990, and who currently resides in Lancaster County, Pennsylvania.

6.      Plaintiff, at all times relevant to the conduct hereinafter averred, was a minor and a student attending J.P. McCaskey High School, a public educational institution within the School District of Lancaster, situate in Lancaster County, Pennsylvania.

7.      Defendant School District of Lancaster (hereinafter "SDL") is a political subdivision as that term is defined in the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S.A.

§§8541-8542. SDL is recognized under and in existence pursuant to the laws of the Commonwealth of Pennsylvania and receives federal financial assistance.

8.    Defendant Dwight Nolt (hereinafter "Nolt") at all times relevant hereto, was the Principal at J.P. McCaskey High School.

9.    Defendant Shelby Cunningham (hereinafter "Cunningham") at all times relevant hereto, was the Assistant Principal at J.P. McCaskey High School.

10.    Defendant Norman McMillan (hereinafter "McMillan") at all times relevant hereto, was the Director of the Gospel Choir at J.P. McCaskey High School.

11.    Defendant Rita Bishop (hereinafter "Bishop") at all times relevant hereto was the Superintendant of the School District of Lancaster.

12.    Defendant Irvin Scott (hereinafter "Scott") at all times relevant hereto was the Principal of McCaskey East High School.

13.    At all times relevant hereto, all Defendants were acting in their individual and official capacities and under color of the law of the Commonwealth of Pennsylvania.

14.    At all times relevant hereto, Defendants Nolt, Cunningham, Bishop and Irvin had the duty and authority to effectuate the policies and customs of SDL and to implement and execute all federal, state and district regulations and/or policies relevant and necessary for the operation of a public school district.

15.    At all times relevant hereto, SDL is responsible to ensure that all school district employees are properly trained and supervised in the course of their employment relationship with SDL.

16.    SDL is further responsible for all acts and omissions of their employees.

IV.   **FACTUAL HISTORY**

A.   Defendant McMillan's Sexual Contact With Plaintiff

17.   Plaintiff hereby incorporates Paragraphs 1 through 16 above as though the same were set forth at length herein.

18.   Plaintiff was a student at J.P. McCaskey High School from approximately August 2004 through approximately June 2008.

19.   J.P. McCaskey High School is a part of the School District of Lancaster.

20.   During the 2004/2005 school year, Plaintiff was a 9th grade student at J.P. McCaskey High School and was 13 years of age at the beginning of that school year, and 14 years of age by the conclusion of that school year.

21.   During the 2004/2005 school year, Plaintiff was a member of the J.P. McCaskey High School Gospel Choir and Defendant McMillan was the Director of said Gospel Choir.

22.   Beginning in or around November 2005, and continuing through the 2005/2006 school year, Defendant McMillan engaged in a sexual relationship with Plaintiff.

23.   At all times during the aforementioned sexual relationship between Defendant McMillan and Plaintiff, Plaintiff was a minor.

24.   The sexual encounters between Defendant McMillan and Plaintiff occurred in Defendant McMillan's office at J.P. McCaskey High School, following gospel choir performances in his vehicle, at Defendant McMillan's residence, and also at the residence of Defendant McMillan's then girlfriend.

25.   The sexual encounters between Defendant McMillan and Plaintiff further occurred following various school activities and functions.

26.     The sexual encounters between Defendant McMillan and Plaintiff consisted of a series of sexual advances which culminated in multiple sexual acts, including sexual intercourse between Defendant McMillan and Plaintiff.

27.     The sexual encounters and sexual intercourse between Defendant McMillan and Plaintiff continued through approximately June of 2006.

28.     Defendant McMillan was subsequently convicted of sexual offenses against Plaintiff in the Court of Common Pleas of Lancaster County, including five counts of involuntary deviate sexual intercourse with a person less than 16 years of age, five counts of statutory sexual assault, one count of indecent assault on a person less than 16 years of age, and one count of corruption of a minor.

B.      Knowledge of Defendant McMillan's Misconduct

29.     Defendant McMillan began his employment with SDL on or about September 2003.

30.     At the time of Defendant McMillan's hire by SDL, Defendant McMillan was on probation following a guilty plea to the charge of simple assault of his then girlfriend, which was known to SDL.

31.     Further, during the course of Defendant McMillan's sexual advances and sexual encounters with Plaintiff, SDL and Defendants Nolt, Cunningham, Scott and Bishop received multiple complaints from parents and other students regarding the inappropriate conduct which was occurring between Defendant McMillan and Plaintiff.

32.     Upon receiving said complaints and information regarding the inappropriate conduct between Defendant McMillan and Plaintiff, Defendant SDL failed to properly investigate Defendant McMillan's conduct, failed to properly protect the students of J.P. McCaskey High School, and

failed to immediately terminate the employment of Defendant McMillan, all of which demonstrates SDL acted with deliberate indifference towards Defendant McMillan's misconduct.

33.     Defendants SDL, Nolt, Cunningham, Scott and Bishop knew or should have known of the inappropriate sexual conduct between Plaintiff and Defendant McMillan and the harm caused by said conduct and, despite this knowledge, acted with deliberate indifference toward Defendant McMillan's conduct.

C.      Damages Suffered by Plaintiff

34.     Plaintiff has incurred severe and permanent psychological damage, physical harm and emotional distress as the direct and proximate result of Defendant McMillan's sexual misconduct.

35.     Plaintiff's life is severely and permanently damaged as a result of the harm that she suffered due to Defendant McMillan's conduct, which was exacerbated due to the remaining Defendants' failure to properly investigate and take immediate action against Defendant McMillan, all of which Plaintiff believes and therefore avers that remaining Defendants had knowledge thereof.

COUNT I - 42 U.S.C.A. § 1983

PLAINTIFF VS. SCHOOL DISTRICT OF LANCASTER

36.     Plaintiff incorporates Paragraphs 1 through 35 above as though the same were set forth at length herein.

37.     Pursuant to the due process clause of the Fourteenth Amendment, Plaintiff had the right as a public school student to personal security and bodily integrity.

38.     Pursuant to the due process clause of the Fourteenth Amendment, Plaintiff had the right to be free from sexual misconduct and abuse at the hands of an employee of the public school.

39.     SDL, in its capacity as a state actor, subjected Plaintiff to violations of her personal security and bodily integrity in failing to properly investigate Defendant McMillan's misconduct,

failing to adequately supervise Defendant McMillan, and failing to adequately train Defendant McMillan and manifesting deliberate indifference towards Defendant McMillan's sexual misconduct towards Plaintiff.

40.     Plaintiff believes and therefore avers that SDL has policies which violate Plaintiff's constitutional rights by failing to properly investigate evidence of SDL's employees' misconduct against students and by failing to properly supervise and train SDL's employees with regard to maintaining, preserving and protecting students in violation of their right to personal security and bodily integrity.

41.     Plaintiff believes and therefore avers that SDL has followed these unconstitutional policies with regard to herself as hereinbefore set forth.

42.     Defendants Nolt, Cunningham, Irvin and Bishop and other school district employees are policy makers for the purpose of implementing SDL's policies and customs.

43.     Plaintiff has suffered severe and permanent psychological damage, physical harm and emotional distress as a direct and proximate result of Defendant's violation of her Fourteenth Amendment rights.

WHEREFORE, Plaintiff demands that judgment be entered in her favor and against Defendant School District of Lancaster, for compensatory damages, punitive damages, interests, costs and attorney's fees.

<u>COUNT II - 42 U.S.C.A. § 1983</u>

<u>PLAINTIFF VS. RITA BISHOP, DWIGHT NOLT, SHELBY CUNNINGHAM, AND</u>

<u>NORMAN McMILLAN  IN THEIR INDIVIDUAL CAPACITIES</u>

44.     Plaintiff incorporates Paragraphs 1 through 43 above as though the same were set forth at length herein.

45.    Defendants Bishop, Nolt, Cunningham, Scott and McMillan, in their individual capacities, violated Plaintiff's constitutional right as a public school student to personal security and bodily integrity, as well as her right to be free from sexual misconduct and abuse at the hands of an employee of the public school.

46.    Defendants Bishop, Nolt, Cunningham, Scott and McMillan knew of Defendant McMillan's inappropriate sexual behavior with Plaintiff and, despite that knowledge, demonstrated deliberate indifference towards the rights of Plaintiff by failing or refusing to take action to prevent further inappropriate sexual misconduct from occurring.

47.    As a direct and proximate result of Defendants Bishop, Nolt, Cunningham, Scott and McMillan's violation of her Fourteenth Amendment rights, Plaintiff has suffered severe and permanent psychological damage, physical harm and emotional distress.

WHEREFORE, Plaintiff demands that judgment be entered in her favor and against Defendants Bishop, Nolt, Cunningham, Scott and McMillan, jointly and severally, for compensatory damages, punitive damages, interests, costs and attorney's fees.

## COUNT III - TITLE IX 20 U.S.C.A. § 1681

### PLAINTIFF VS. SCHOOL DISTRICT OF LANCASTER

48.    Plaintiff incorporates Paragraphs 1 through 47 above as though the same were set forth at length herein.

49.    SDL created and/or permitted to continue sexual harassment and hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (hereinafter "Title IX").

50.    Pursuant to Title IX, Plaintiff was a member of a protected class.

51. As hereinbefore set forth, Plaintiff was subjected to sexual harassment in the form of sexual advances and actual sexual contact/conduct from Defendant McMillan.

52. Said harassment was based on Plaintiff's sex.

53. The sexual harassment as hereinbefore set forth unreasonably interfered with Plaintiff's performance as a student in school and created an intimidating, hostile and/or offensive environment which severely affected her psychological well being.

54. SDL Officials Bishop, Nolt, Cunningham and Irvin had authority to investigate and remedy the situation on behalf of SDL, had knowledge of Defendant McMillan's misconduct, yet were deliberately indifferent thereto.

55. As a result of SDL's failure to properly act and/or investigate Defendant McMillan's conduct, Plaintiff was subjected to sexual harassment in the form of sexual advances and actual sexual contact/conduct from Defendant McMillan.

56. Plaintiff has suffered severe and permanent psychological damage, physical harm and emotional distress as a proximate result of SDL's violation of her rights under Title VII.

WHEREFORE, Plaintiff demands that judgment be entered in her favor and against Defendant School District of Lancaster for compensatory damages, punitive damages, interests, costs and attorney's fees.

## COUNT IV - VIOLATION OF PENNSYLVANIA CONSTITUTION

## PLAINTIFF VS. ALL DEFENDANTS

57. Plaintiff incorporates Paragraphs 1 through 56 above as though the same were set forth at length herein.

58.     Defendants intentionally and deliberately violated Plaintiff's due process rights under Article I, Section 1 of the Pennsylvania Constitution through the conduct averred in Paragraphs 16 through 34 above.

59.     Defendants' misconduct caused Plaintiff to suffer severe and permanent psychological damage and physical harm.

WHEREFORE, Plaintiff demands that judgment be entered in her favor and against Defendants, jointly and severally, for compensatory damages, punitive damages, interests, costs and attorney's fees.

RUSSELL, KRAFFT & GRUBER, LLP

By:

Christina L. Hausner
Attorney I.D. # 32373
Hempfield Center, Suite 300
930 Red Rose Court
Lancaster, PA  17601
(717) 293-9293

## UNSWORN DECLARATION

I declare (or certify, verify, or state) under penalty of perjury that the forgoing is true and correct.

Executed on 10/18/10 .

Tasha Toney

213453.1